Casanas v Carlei Group, LLC (2019 NY Slip Op 07365)





Casanas v Carlei Group, LLC


2019 NY Slip Op 07365


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


10079 153156/16

[*1] Aleida E. Casanas, Plaintiff-Appellant,
v
The Carlei Group, LLC, et al., Defendants-Respondents.


Aleida E. Casanas, appellant pro se.
Rosenberg & Estis, P.C., New York (Alexander Lycoyannis of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 17, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment declaring, upon the second and third counterclaims, that the leases submitted by plaintiff are invalid and unenforceable and that plaintiff has no possessory interest in the apartments arising from the leases, dismissing the cause of action for a declaration that the leases are valid, and dismissing without prejudice the causes of action for a declaration that the individual parties' father's estate was distributed improperly and an accounting, and declared in defendants' favor, unanimously modified, on the law, to deny defendants' motion as to the first cause of action and the second and third counterclaims and to vacate the declarations, and otherwise affirmed, without costs.
The motion court correctly dismissed the cause of action relating to the individual parties' father's estate without prejudice to refiling in Surrogate's Court, the proper forum for such claims (SCPA 201[3]). The court also correctly dismissed without prejudice the cause of action seeking an accounting, as the individual parties' sibling relationship, standing alone, is insufficient to establish a fiduciary duty that would entitle plaintiff to an accounting in this case (see Castellotti v Free, 138 AD3d 198, 209 [1st Dept 2016]).
Defendants failed to establish prima facie that the two purported leases are invalid and unenforceable. Issues of fact exist as to whether the parties' course of conduct demonstrates that the consideration for the waiver of rent in each lease, i.e., 20 hours of "work" per week, is sufficiently definite to satisfy the statute of frauds (General Obligations Law § 5-703[2]) (see Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 244 [1st Dept 2013]; see also generally William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]). Issues of fact also exist as to defendants' claim that the individual defendant, plaintiff's brother, lacked knowledge of the purported leases and that therefore plaintiff was a mere licensee. There is evidence that plaintiff had sublet the two units for several years under written subleases naming her "Overtenant," and her brother did not deny that plaintiff had sublet one of the apartments to him for several years (see Provident Bay Rd., LLC v NYSARC, Inc., 117 AD3d [*2]1356, 1358 [3d Dept 2014]).
Defendants also failed to establish that the leases were not validly executed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK